| | |
|---|---|
| 1 | REBECCA EISEN, State Bar No. 96129 |
| 2 | LAUREN S. KIM, State Bar No. 210572<br>MORGAN, LEWIS & BOCKIUS LLP |
| 3 | One Market, Spear Street Tower<br>San Francisco, CA 94105-1126 |
| 4 | Tel: 415.442.1000<br>Fax: 415.442.1001 |
| 5 | reisen@morganlewis.com<br>lkim@morganlewis.com |
| 6 | Attorneys for Defendants |
| 7 | P.F. CHANG'S CHINA BISTRO, INC. AND<br>erroneously named P.F. CHANG'S III, LLC |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZACHARY MORVANT, JEAN ANDREWS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>P.F. CHANG'S CHINA BISTRO, INC., P.F. CHANG'S III, LLC, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. _____<br><br>**DEFENDANTS P.F. CHANG'S CHINA BISTRO, INC.'S AND P.F. CHANG'S III, LLC'S NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA** |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

NOTICE OF REMOVAL
CASE NO. _____

DB2/ 22544377.2

DEFENDANT P.F. CHANG'S CHINA BISTRO, INC. ("Defendant") and erroneously named DEFENDANT P.F. CHANG'S III, LLC[1] (collectively, "Defendants") give notice that this cause is hereby removed from the Superior Court of the State of California for the County of Sacramento, to the United States District Court for the Eastern District of California. Defendants remove this matter pursuant to 28 U.S.C. § 1332(d), 28 U.S.C. § 1441, 28 U.S.C. § 1446, and 28 U.S.C. § 1453, and state that this Court has jurisdiction over the action pursuant to the Class Action Fairness Act of 2005.

As and for its Notice of Removal, Defendants plead as follows:

1. This lawsuit is a civil action within the meaning of the Acts of Congress relating to removal of class actions. *See* 28 U.S.C. § 1453.

2. Plaintiffs Zachary Morvant and Jean Andrews instituted this civil action in the Superior Court of the State of California for the County of Sacramento on or about December 14, 2010, against Defendants, and were assigned Case Number 34-2010-00093491 in said court.

3. This action was therefore commenced after the effective date of the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2 (enacted Feb. 18, 2005), *codified at* 28 U.S.C. §§ 1332(d), 1453 and 1711-1715.

4. The Summons, Civil Case Cover Sheet and Complaint were served upon Defendants on June 20, 2011, by process server. True and correct copies of the Summons, Civil Case Cover Sheet and Complaint are attached hereto as Exhibit A.

5. On July 18, 2011, the Defendants filed an Answer to the Complaint in the Superior Court of California, County of Sacramento, a true and correct copy of which is attached hereto as Exhibit B.

6. Because this Notice of Removal is filed within thirty days of service of the Summons, Civil Case Cover Sheet and Complaint upon the Defendants, it is timely under 28 U.S.C. § 1446(b) and 28 U.S.C. § 1453.

---

[1] Defendants reserve all defenses with respect to Plaintiffs' improper naming of "P.F. Chang's III, LLC" as a defendant in this action. P.F. Chang's III, LLC is not and never was the employer of Plaintiffs or any of the putative class members. Declaration of Claudette Gelb In Support of Defendants' Notice of Removal, at ¶ 3.

Morgan, Lewis & Bockius LLP
Attorneys At Law
San Francisco

DB2/ 22544377.2

1

NOTICE OF REMOVAL
CASE NO. _____

7. This lawsuit was brought by at least one putative representative person on behalf of a proposed class of individuals. Exhibit ("Ex.") A, ¶¶ 1, 17, 18, 19, 25 & 26. As such this matter is a purported class action as that term is defined pursuant to 28 U.S.C. § 1332(d)(1)(B) and 28 U.S.C. § 1453. All claims asserted are asserted as class claims.

8. This action originally could have been filed in this Court under 28 U.S.C. § 1332(d) because this matter was brought as a class action, diversity of citizenship exists between "any member of a class of plaintiffs" and "any defendant," and the amount in controversy exceeds, in the aggregate, $5,000,000 exclusive of interest and costs. Removal is therefore proper pursuant to 28 U.S.C. §§ 1446 and 1453.

## II. DIVERSITY

9. Plaintiffs Zachary Morvant and Jean Andrews are former employees of the Defendant in California and allege that they are representatives of a class of "all persons who were employed as non-exempt restaurant employees by defendants P.F. Chang's China Bistro, Inc. and/or P.F. Chang's III, LLC in California at any time on or after December 14, 2006." Ex. A, ¶¶ 1 & 25. Plaintiff Zachary Morvant alleges he worked as a non-exempt employee at Defendant's restaurant in Emeryville, California during the relevant period, while Plaintiff Jean Andrews alleges she worked at Defendant's restaurant in Pleasanton, California during the relevant period. Id., ¶¶ 10 & 11. Accordingly, upon information and belief, Plaintiffs were at the institution of this civil action, and were at all times intervening, a citizen and resident of California. Plaintiffs do not allege any alternate state of residence.

10. Defendant P.F. Chang's China Bistro, Inc. is, and was at the time of the institution of this civil action, and at all times intervening, a corporation organized and existing under and by virtue of the laws of the State of Delaware. Defendant's principal place of business and nerve center is Arizona, where at its headquarters, the "corporation's officers direct, control, and coordinate the corporation's activities." See Hertz Corp. v. Friend, 130 S. Ct. 1181, 1192 (2010) (holding that a corporation's principal place of business for diversity jurisdiction purposes was its nerve center: "the place where a corporation's officers direct, control, and coordinate the corporation's activities"); Declaration of Claudette Gelb ("Gelb Decl."), ¶ 2. Accordingly,

Morgan, Lewis &
Bockius LLP
Attorneys At Law
San Francisco

DB2/ 22544377.2

2

NOTICE OF REMOVAL
CASE NO. _____

Defendant is a citizen of Arizona for the purposes of determining diversity. 28 U.S.C. § 1332(c)(1); Hertz, 130 S. Ct. at 1192.

11. Erroneously named Defendant P.F. Chang's III, LLC is, and was at the time of the institution of this civil action, and at all times intervening, an Arizona limited liability company. Gelb Decl., ¶ 3. At least one of its members, Defendant P.F. Chang's China Bistro, Inc., is a citizen of Arizona. Id. Thus, Defendant P.F. Chang's III, LLC is a citizen of Arizona. See Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) (an LLC is a citizen of a state of which a member is a citizen).

12. Based on the Complaint, therefore, at least one member of the proposed class of plaintiffs is a citizen of a state different from a defendant in that Plaintiffs Morvant and Andrews are citizens of California, and Defendant P.F. Chang's China Bistro, Inc. is a citizen of Arizona. Therefore, diversity jurisdiction exists under CAFA. 28 U.S.C. § 1332(d)(2)(A) (only minimal, not complete, diversity is required under CAFA).

### III. THE AMOUNT-IN-CONTROVERSY REQUIREMENT IS SATISFIED

13. Pursuant to CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000. See 28 U.S.C. § 1332(d)(6).

14. In addition, Congress intended for federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (*e.g.*, damages, injunctive relief, or declaratory relief)." (Senate Judiciary Report, S. REP. 109-14, at 42.)

15. To satisfy its burden that removal of this action is proper, a defendant has to demonstrate only that it is "more likely than not" that the amount in controversy exceeds the jurisdictional threshold of $5,000,000 in the aggregate. As stated by this Court, "[w]here a complaint does not allege a specific amount in damages, the removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds that statutory minimum (in this case, $5,000,000.00 per the CAFA)." Muniz v. Pilot Travel Centers,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

NOTICE OF REMOVAL
CASE NO. ___

DB2/ 22544377.2

LLC, 2007 WL 1302504 at *2 (E.D. Cal. May 1, 2007) (citing Singer v. State Farm Mut. Auto Ins., Co., 116 F.3d 373, 376 (9th Cir. 1996)); Behrazfar v. Unisys Corp., No. SACV 08-0850 AG (RCx), 2009 WL 5064323, at *2 (C.D. Cal. Dec. 15, 2009). "The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." Korn v. Polo Ralph Lauren Corp., 536 F. Supp. 2d 1199, 1205 (E.D. Cal 2008) (citing Rippee v. Boston Market Corp., 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005)). This burden "is not 'daunting,' as courts recognize that under this standard, a removing defendant is not obligated to 'research, state, and prove the plaintiff's claims for damages.'" Korn, 536 F. Supp. at 1204-05.

16. While Defendants deny Plaintiffs' factual allegations and deny that they or the putative class that they purport to represent are entitled to any of the relief for which they have prayed, it is clear that, when the maximum potential values of the claims of Plaintiffs and the putative class members are aggregated, the allegations within Plaintiffs' Complaint "more likely than not" put into controversy an amount in excess of $5 million. Rhoades v. Progressive Casualty Insurance, Co., 2010 U.S. App. LEXIS 24128 at *2 (9th Cir. Nov. 23, 2010) ("'[o]nce the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5 million, . . . then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much.'") (quoting Lewis v. Verizon Communications Inc., 2010 WL 4645465, 4 (9th Cir. 2010).[2]

17. The Complaint in the instant action purports to allege multiple class claims on behalf of the putative class members for unpaid wages and for other relief including civil penalties and injunctive and equitable relief under various sections of the California Labor Code and the California IWC Wage Orders, and for restitution under Business and Professions Code § 17200. Ex. A., ¶¶ 1, 2, 27-61; Relief Sought ¶¶ 1-12.

---

[2] This Notice of Removal discusses the nature and amount of damages placed at issue by Plaintiffs' Complaint. Defendants' reference to specific damage amounts and their citation to comparable cases are provided solely for the purpose of establishing that the amount in controversy is more likely than not in excess of the jurisdictional minimum. Defendants maintain that each of Plaintiffs' claims is without merit and that Defendants are not liable to Plaintiffs. Defendants specifically deny that Plaintiffs have suffered any damages as a result of any act or omission by Defendants. No statement or reference contained herein shall constitute an admission of liability or a suggestion that Plaintiffs will or could actually recover any damages based upon the allegations contained in the Complaint or otherwise.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

NOTICE OF REMOVAL
CASE NO. _____

DB2/ 22544377.2

18. Since December 2006, there have been approximately 17,408 current and former non-exempt employees who have worked for P.F. Chang's in California, with 13,733 of them being former employees. Gelb Decl., ¶ 4. P.F. Chang's currently employs approximately 3,675 non-exempt employees in California. Id., ¶ 4. The total number of wage statements issued during the period from December 2009 through approximately July 15, 2011 was approximately 138,927. Id.

19. Plaintiffs allege that their claims are typical of the claims of the members of the proposed class. Ex. A., ¶ 26(c).

20. Plaintiffs allege claims on behalf of all of Defendant's non-exempt employees in California for violations of California Labor Code § 226(a). Ex. A, ¶¶ 51-56. Plaintiffs allege that Plaintiffs and the putative class members are entitled to damages and penalties under Section 226(e). Id., at ¶ 53. Under Section 226(e), an injured employee can recover actual damages or penalties of $50 for the initial pay period in which a violation occurs and $100 for each violation in a subsequent period (up to an aggregate penalty of $4,000) for a knowing and intentional violation. The total number of wage statements issued during the period from December 2009 (one year prior to the filing of the complaint) through approximately July 15, 2011 was approximately 138,927. Gelb Decl., ¶ 4. Assuming each paycheck issued in the statutory timeframe resulted in an "initial violation," the potential penalties alleged for Plaintiffs' § 226 claim alone is **$6,946,350** (*i.e.*, $50 multiplied by 138,927 wage statements). This damage estimate for only **one** of Plaintiffs' claims already exceeds the minimum $5,000,000 amount in controversy.[3]

21. The Complaint alleges that Plaintiffs and the members of the class worked in excess of five hours a day without being afforded at least a thirty minute meal period and were

---

[3] Moreover, for purposes of determining amount in controversy in a CAFA removal, Defendants are also permitted to calculate potential damages for Section 226 using the $4,000 statutory maximum. See Korn v. Polo Ralph Lauren Corp., 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) (Damrell, J.) ("Where a statutory maximum penalty is specified, courts may consider the maximum statutory penalty available in determining whether the jurisdictional amount in controversy requirement is met."); Coleman v. Estes Express Lines, Inc., 730 F. Supp. 2d 1141, 1148-49 (C.D. Cal. 2010) (using the $4,000 statutory maximum to determine amount in controversy for Section 226 claim). Thus, the potential aggregate penalties under Section 226(e) using the statutory maximum for only the current employees in the putative class (3,675) would be **$14,700,000** (3,675 current putative class members x $4,000) – exceeding by double the minimum $5,000,000 amount in controversy.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

NOTICE OF REMOVAL
CASE NO. ____

DB2/ 22544377.2

not provided with premium pay of one-hour for each workday that a proper meal period was not provided in violation of California Labor Code §§ 226.7, 512, and IWC Wage Order No. 5. Ex. A, ¶¶ 32-35.

22. Plaintiffs allege that they and the class members are entitled to "one hour of pay at each employee's regular rate of compensation for each workday that a meal period was not provided." Ex. A, Relief Sought, ¶ 2.

23. Under Plaintiffs' theory of the case, if each of the putative class members were not provided just one 30-minute meal period, the potential liability would be: 17,408 putative class members x $8.00 (one hour of pay) = $139,264.

24. Plaintiffs also seek "one hour of pay at each employee's regular rate of compensation for each workday that a rest period was not provided." Ex. A, Relief Sought, ¶ 3. Assuming putative class members were not afforded just one rest break, the potential liability would be an additional $139,264.

25. Plaintiffs also seek attorneys' fees under various laws. Ex. A, Relief Sought, ¶ 11. Attorneys' fees are properly included in determining the amount in controversy. Sanchez v. Wal-Mart Stores, Inc., 2007 WL 1345706, *2 (E.D. Cal. 2007) ("attorney's fees, if authorized by statute or contract, are also part of the calculation"). Assuming Plaintiffs can recover on their theories and allegations, under their theory of the case, they would undoubtedly argue that they would be entitled to receive attorneys' fees of approximately 25% of the total recovery, or a minimum of $1,806,220 based only on the partial estimates discussed above (.25 X [$6,946,350 + $139,264 + $139,264]). Cf. In re Quintus Securities Litigation, 148 F. Supp. 2d 967, 973 (N.D. Cal. 2001) (noting in the class action settlement context, that the benchmark for setting attorneys' fees is 25 percent of the common fund).

26. Thus, although Defendants deny Plaintiffs' factual allegations or that they or the class or subclass that they purport to represent are entitled to the relief for which they have prayed, based on Plaintiffs' allegations and prayer for relief, the amount in controversy clearly exceeds the $5,000,000 threshold set forth under 28 U.S.C. § 1332(d)(2).

Morgan, Lewis & Bockius LLP
Attorneys At Law
San Francisco

6

NOTICE OF REMOVAL
CASE NO. _____

DB2/ 22544377.2

## IV. THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED

27. As set forth above, this Notice of Removal is filed within thirty days of service of the Summons, Civil Case Cover Sheet and Complaint upon Defendants.

28. Defendants will promptly serve Plaintiffs with this Notice of Removal and will promptly file a copy of this Notice of Removal with the clerk of the state court in which the action is pending, as required under 28 U.S.C. § 1446(d).

29. Defendants have sought no similar relief.

30. The prerequisites for removal under 28 U.S.C. §§ 1441 and 1453 have been met.

31. Because this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332(d), removal of this action is proper pursuant to 28 U.S.C. § 1441.

32. If any question arises as to the propriety of the removal of this action, Defendants request the opportunity to present a brief and oral argument in support of their position that this case is removable.

WHEREFORE, Defendants, desiring to remove this case to the United States District Court for the Eastern District of California, prays that the filing of this Notice of Removal shall effect the removal of the suit to this Court.

Dated: July 19, 2011

MORGAN, LEWIS & BOCKIUS LLP

By _____
Rebecca Eisen
Lauren S. Kim
Attorneys for Defendants
P.F. CHANG'S CHINA BISTRO, INC.
AND erroneously named P.F. CHANG'S III, LLC

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

NOTICE OF REMOVAL
CASE NO. _____

DB2/ 22544377.2