REBECCA EISEN, State Bar No. 96129
LAUREN S. KIM, State Bar No. 210572
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, California 94105-1126
Telephone: 415.442.1000
Facsimile: 415.442.1001
reisen@morganlewis.com
lkim@morganlewis.com

Attorneys for Defendants
P.F. CHANG'S CHINA BISTRO, INC., and
erroneously named P.F. CHANG'S III, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZACHARY MORVANT, JEAN ANDREWS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>P.F. CHANG'S CHINA BISTRO, INC., P.F. CHANG'S III, LLC, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 11 CV 05405-YGR<br><br>**CLASS ACTION**<br><br>**DEFENDANTS' ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION** |

Defendants P.F. Chang's China Bistro, Inc. ("P.F. Chang's") and erroneously named P.F. Chang's III, LLC (collectively "Defendants") by and through their undersigned counsel of record, hereby answer the factual allegations set forth in Plaintiffs' Second Amended Complaint ("SAC") filed by Plaintiffs Zachary Morvant and Jean Andrews ("Plaintiffs") as follows:

**PRELIMINARY STATEMENT**

1. Answering Paragraph 1 of the SAC, Defendants admit that the named individual Plaintiffs purport to bring this action as a class action on behalf of themselves and certain

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

ANSWER TO SECOND AMENDED
COMPLAINT FOR DAMAGES
CASE NO. 11-CV-05405-YGR

individuals who are employed by, or were formerly employed by P.F. Chang's within the State of California, but Defendants specifically deny that Plaintiffs should be permitted to bring this action as a class or representative action, or that class certification is appropriate.

2. Answering Paragraph 2 of the SAC, Defendants deny each and every allegation contained therein.

## INTRODUCTION

3. Answering Paragraph 3 of the SAC, Defendants deny each and every allegation contained in Paragraph 3, except as admitted herein: P.F. Chang's operates several restaurants in California and, since December 14, 2006, has employed thousands of non-exempt California employees.

4. Answering Paragraph 4 of the SAC, Defendants deny each and every allegation contained therein.

5. Answering Paragraph 5 of the SAC, Defendants deny each and every allegation contained therein.

6. Answering Paragraph 6 of the SAC, Defendants deny each and every allegation contained therein.

## JURISDICTION AND VENUE

7. Answering Paragraph 7 of the SAC, Defendants deny each and every allegation contained therein.

8. Answering Paragraph 8 of the SAC, Defendants deny each and every allegation contained therein.

9. Answering Paragraph 9 of the SAC, Defendants deny each and every allegation contained therein.

## PLAINTIFFS

10. Answering Paragraph 10 of the SAC, Defendants deny each and every allegation contained in Paragraph 10, except as admitted herein: Plaintiff Zachary Morvant began working

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

ANSWER TO SECOND AMENDED
COMPLAINT FOR DAMAGES
CASE NO. 11-CV-05405-YGR

1  for P.F. Chang's in November 2005 as a non-exempt food runner. During Plaintiff Morvant's
2  employment he worked in P.F. Chang's Emeryville location.

3  11. Answering Paragraph 11 of the SAC, Defendants deny each and every allegation
4  contained in Paragraph 11, except as admitted herein: Plaintiff Jean Andrews began working for
5  P.F. Chang's in August 2008 as a non-exempt server. During Plaintiff Andrews' employment she
6  worked in P.F. Chang's Pleasanton location.

7  12. Answering Paragraph 12 of the SAC, Defendants lack knowledge or information
8  sufficient to admit or deny the allegations in Paragraph 12, and on that basis deny those
9  allegations.

10  13. Answering Paragraph 13 of the SAC, Defendants deny each and every allegation
11  contained in Paragraph 13, except as admitted herein: The length of certain of Plaintiffs' work
12  shifts in some instances entitled them to a 30 minute uninterrupted meal break.

13  14. Answering Paragraph 14 of the SAC, Defendants deny each and every allegation
14  contained therein.

15  15. Answering Paragraph 15 of the SAC, Defendants deny each and every allegation
16  contained therein.

17  16. Answering Paragraph 16 of the SAC, Defendants deny each and every allegation
18  contained therein.

19  17. Answering Paragraph 17 of the SAC, Defendants deny each and every allegation
20  contained therein.

21  18. Answering Paragraph 18 of the SAC, Defendants deny each and every allegation
22  contained in Paragraph 18 and specifically deny that Plaintiffs or any member of the purported
23  class are entitled to bring this action as a class or representative action.

24  19. Answering Paragraph 19 of the SAC, Defendants deny each and every allegation
25  contained in Paragraph 19 and specifically deny that Plaintiffs or any member of the purported
26  class are entitled to bring this action as a class or representative action.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

ANSWER TO SECOND AMENDED
COMPLAINT FOR DAMAGES
CASE NO. 11-CV-05405-YGR

20. Answering Paragraph 20 of the SAC, Defendants deny each and every allegation contained in Paragraph 20 and specifically deny that Plaintiffs or any member of the purported class are entitled to bring this action as a class or representative action.

## DEFENDANTS

21. Answering Paragraph 21 of the SAC, Defendants deny each and every allegation contained therein except as admitted herein: P.F. Chang's is a Delaware corporation located in Arizona and licensed to do business in the state of California.

22. Answering Paragraph 22 of the SAC, Defendants deny each and every allegation contained therein except as admitted herein: Since at least December 14, 2006, P.F. Chang's has had employees in California. P.F. Chang's employed Plaintiffs Morvant and Andrews.

23. Answering Paragraph 23 of the SAC, Defendants contend that the allegations improperly refer to "Doe" defendants, as "Doe" defendants are not permitted in federal court pleadings. To the extent a response is required, Defendants deny all allegations in Paragraph 23.

24. Answering Paragraph 24 of the SAC, Defendants contend that the allegations improperly refer to "Doe" defendants, as "Doe" defendants are not permitted in federal court pleadings. To the extent a response is required, Defendants deny all allegations in Paragraph 24.

25. Answering Paragraph 25 of the SAC, Defendants deny each and every allegation contained therein.

## CLASS ACTION ALLEGATIONS

26. Answering Paragraph 26 of the SAC, Defendants admit that the named individual Plaintiffs purport to bring this action as a class action on behalf of themselves and certain individuals who are employed by, or were formerly employed by P.F. Chang's within the State of California, but Defendants specifically deny that Plaintiffs should be permitted to bring this action as a class or representative action, or that class certification is appropriate.

27. Answering Paragraph 27 of the SAC, Defendants deny each and every allegation contained therein.

**COMMON FACTUAL ALLEGATIONS**

28. Answering Paragraph 28 of the SAC, Defendants deny each and every allegation contained therein.

29. Answering Paragraph 29 of the SAC, Defendants deny each and every allegation contained therein.

30. Answering Paragraph 30 of the SAC, Defendants deny each and every allegation contained therein.

31. Answering Paragraph 31 of the SAC, Defendants deny each and every allegation contained therein.

**FIRST CAUSE OF ACTION**
**FAILURE TO PROVIDE MEAL AND REST PERIODS**
**(California Labor Code §§ 226.7 and 512)**

32. Answering Paragraph 32 of the SAC, Defendants incorporate herein their responses to all prior paragraphs of the SAC.

33. Answering Paragraph 33 of the SAC, Defendants deny each and every allegation contained therein except as admitted herein: P.F. Chang's is aware of its duty to comply with applicable law.

34. Answering Paragraph 34 of the SAC, Defendants aver that the allegations are recitations of legal provisions to which no response is required, and on that basis deny each and every allegation therein.

35. Answering Paragraph 35 of the SAC, Defendants aver that the allegations are recitations of legal provisions to which no response is required, and on that basis deny each and every allegation therein.

36. Answering Paragraph 36 of the SAC, Defendants deny each and every allegation contained therein.

37. Answering Paragraph 37 of the SAC, Defendants aver that the allegations are recitations of legal provisions to which no response is required, and on that basis deny each and every allegation therein.

Morgan, Lewis &
Bockius LLP
Attorneys At Law
San Francisco

5

ANSWER TO SECOND AMENDED
COMPLAINT FOR DAMAGES
CASE NO. 11-CV-05405-YGR

1  38. Answering Paragraph 38 of the SAC, Defendants aver that the allegations are
2  recitations of legal provisions to which no response is required, and on that basis deny each and
3  every allegation therein.
4  39. Answering Paragraph 39 of the SAC, Defendants deny each and every allegation
5  contained therein.
6  40. Answering Paragraph 40 of the SAC, Defendants deny each and every allegation
7  contained therein.

## SECOND CAUSE OF ACTION
## UNLAWFUL FAILURE TO PAY WAGES
**(Violation of IWC Wage Order and California Labor Code §§ 200-204, 510, 1194, and 1998)**

10  41. Answering Paragraph 41 of the SAC, Defendants incorporate herein their
11  responses to all prior paragraphs of the SAC.
12  42. Answering Paragraph 42 of the SAC, Defendants deny each and every allegation
13  contained therein.
14  43. Answering Paragraph 43 of the SAC, Defendants deny each and every allegation
15  contained therein.
16  44. Answering Paragraph 44 of the SAC, Defendants deny each and every allegation
17  contained therein.
18  45. Answering Paragraph 45 of the SAC, Defendants deny each and every allegation
19  contained therein.
20  46. Answering Paragraph 46 of the SAC, Defendants deny each and every allegation
21  contained therein except as admitted herein: P.F. Chang's is aware of its duty to comply with
22  applicable law.
23  47. Answering Paragraph 47 of the SAC, Defendants aver that the allegations are
24  recitations of legal provisions to which no response is required, and on that basis deny each and
25  every allegation therein.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

ANSWER TO SECOND AMENDED
COMPLAINT FOR DAMAGES
CASE NO. 11-CV-05405-YGR

1  48.  Answering Paragraph 48 of the SAC, Defendants aver that the allegations are
2  recitations of legal provisions to which no response is required, and on that basis deny each and
3  every allegation therein.

4  49.  Answering Paragraph 49 of the SAC, Defendants aver that the allegations are
5  recitations of legal provisions to which no response is required, and on that basis deny each and
6  every allegation therein.

7  50.  Answering Paragraph 50 of the SAC, Defendants deny each and every allegation
8  contained therein.

9  51.  Answering Paragraph 51 of the SAC, Defendants deny each and every allegation
10  contained therein.

11  52.  Answering Paragraph 52 of the SAC, Defendants deny each and every allegation
12  contained therein.

13  53.  Answering Paragraph 53 of the SAC, Defendants deny each and every allegation
14  contained therein.

**THIRD CAUSE OF ACTION**
**FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**
**(California Labor Code §§ 226 and 1174)**

17  54.  Answering Paragraph 54 of the SAC, Defendants incorporate herein their
18  responses to all prior paragraphs of the SAC.

19  55.  Answering Paragraph 55 of the SAC, Defendants aver that the allegations are
20  recitations of legal provisions to which no response is required, and on that basis deny each and
21  every allegation therein.

22  56.  Answering Paragraph 56 of the SAC, Defendants aver that the allegations are
23  recitations of legal provisions to which no response is required, and on that basis deny each and
24  every allegation therein.

25  57.  Answering Paragraph 57 of the SAC, Defendants aver that the allegations are
26  recitations of legal provisions to which no response is required, and on that basis deny each and
27  every allegation therein.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

ANSWER TO SECOND AMENDED
COMPLAINT FOR DAMAGES
CASE NO. 11-CV-05405-YGR

58. Answering Paragraph 58 of the SAC, Defendants deny each and every allegation contained therein.

59. Answering Paragraph 59 of the SAC, Defendants deny each and every allegation contained therein.

## FOURTH CAUSE OF ACTION
### UNFAIR BUSINESS PRACTICES UNDER THE UNFAIR COMPETITION ACT
**(California Business & Professions Code §§ 17200-17208)**

60. Answering Paragraph 60 of the SAC, Defendants incorporate herein their responses to all prior paragraphs of the SAC.

61. Answering Paragraph 61 of the SAC, Defendants deny each and every allegation contained therein.

62. Answering Paragraph 62 of the SAC, Defendants deny each and every allegation contained therein.

63. Answering Paragraph 63 of the SAC, Defendants deny each and every allegation contained therein.

64. Answering Paragraph 64 of the SAC, Defendants deny each and every allegation contained therein.

## RELIEF SOUGHT

Defendants deny that Plaintiffs are entitled to any of the relief sought against Defendants in the Prayer, or to any relief whatsoever, on Plaintiffs' behalf individually or on behalf of the alleged putative class action members that they purport to represent, the existence of which class action is expressly denied.

## DEFENSES

Defendants have not completed their investigation of the facts of this case, have not completed discovery in this matter, and have not completed their preparation for trial. The defenses stated herein are based on Defendants' knowledge, information, and belief at the present time, and Defendants specifically reserve the right to modify, amend, or supplement any defense contained herein at any time.

Morgan, Lewis &
Bockius LLP
Attorneys At Law
San Francisco

8

ANSWER TO SECOND AMENDED
COMPLAINT FOR DAMAGES
CASE NO. 11-CV-05405-YGR

Without conceding that they bear the burden of proof or persuasion as to any one of them, Defendants asserts the following separate defenses to the SAC:

**FIRST DEFENSE**
**(Failure to State a Claim for Relief)**

1. The SAC and each alleged cause of action contained therein fails to state a claim upon which relief can be granted against Defendants, or either of them.

**SECOND DEFENSE**
**(Arbitration)**

2. The claims of Plaintiffs or alleged members of the putative class are barred by their contractual agreement to arbitrate.

**THIRD DEFENSE**
**(Not Appropriate for Class or Representative Action)**

3. The claims alleged by Plaintiffs on behalf of themselves and the alleged class, the existence of which are expressly denied, are not appropriate for class or representative action treatment.

**FOURTH DEFENSE**
**(Individual Question Predominate)**

4. The types of claims alleged by the named Plaintiffs on behalf of himself and the alleged class, the existence of which is expressly denied, are matters in which individual questions predominate and, accordingly, are not appropriate for class treatment.

**FIFTH DEFENSE**
**(Claims are Not Common or Typical)**

5. The claims alleged by the named Plaintiffs are neither common to nor typical of those claims, if any, of the alleged class Plaintiffs purport to represent, the existence of which is expressly denied.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

ANSWER TO SECOND AMENDED
COMPLAINT FOR DAMAGES
CASE NO. 11-CV-05405-YGR

**SIXTH DEFENSE**
**(The Named Plaintiffs are Not Adequate Representatives)**

6. The SAC fails to the extent it asserts a class action, because Plaintiffs are not adequate representatives of the purported class.

**SEVENTH DEFENSE**
**(Superiority)**

7. The SAC fails to the extent it asserts a class action because a class action is not superior.

**EIGHTH DEFENSE**
**(Due Process/Class Certification)**

8. Certification of a class would constitute a denial of Defendants' due process rights in violation of the Fourteenth Amendment to the United States Constitution and the California Constitution.

**NINTH DEFENSE**
**(Statutes of Limitations)**

9. Plaintiffs' claims, and the claims of each putative member of the purported classes as set forth in the SAC, are barred or limited by the applicable statue(s) of limitations, including, but not limited to, California Code of Civil Procedure Sections 337, 338, 339, 340 and 343, Labor Code Section 203, and California Business and Professions Code Section 17208.

**TENTH DEFENSE**
**(Collateral Estoppel/Res Judicata)**

10. Plaintiffs' claims, and the claims of each putative member of the purported class defined in the SAC, are barred in whole or in part by the doctrines of collateral estoppel and/or res judicata.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10

ANSWER TO SECOND AMENDED
COMPLAINT FOR DAMAGES
CASE NO. 11-CV-05405-YGR

## ELEVENTH DEFENSE
### (Waiver)

11. Plaintiffs' claims, and the claims of each putative member of the purported class defined in the SAC, or some of them, are barred in whole or in part because such claims have been waived, discharged and/or abandoned.

## TWELFTH DEFENSE
### (Accord and Satisfaction and Payment)

12. Plaintiffs' claims and the claims of each putative member of the purported class defined in the SAC, or some of them, are barred in whole or in part by the principles of accord and satisfaction, and payment.

## THIRTEENTH DEFENSE
### (Express or Implied Release)

13. The SAC, and each cause of action alleged therein, is barred to the extent that Plaintiffs and certain members of the purported class either have expressly or impliedly released Defendants from the claims asserted in the SAC, as such releases constitute a waiver of the claims now being asserted in the SAC.

## FOURTEENTH DEFENSE
### (Laches)

14. Plaintiffs' claims, and the claims of each putative member of the purported class defined in the SAC, or some of them, are barred in whole or in part by the doctrine of laches.

## FIFTEENTH DEFENSE
### (Unclean Hands)

15. Plaintiffs' claims, and the claims of each putative member of the purported class defined in the SAC, or some of them, are barred in whole or in part by their unclean hands and/or inequitable or wrongful conduct.

Morgan, Lewis &
Bockius LLP
Attorneys At Law
San Francisco

11

ANSWER TO SECOND AMENDED
COMPLAINT FOR DAMAGES
CASE NO. 11-CV-05405-YGR

**SIXTEENTH DEFENSE**
**(Failure to Mitigate Damages)**

16. Plaintiffs, and members of the purported class, were and are under a duty to mitigate their damages, if any, and to the extent they have failed to fulfill such duties, Defendants are exonerated form any liability to them, and all damages alleged, if any, are the sole and proximate result of the failure of Plaintiffs and the purported class members to mitigate damages.

**SEVENTEENTH DEFENSE**
**(Avoidable Consequences)**

17. The claims of Plaintiffs, and members of the purported class are barred, or recovery should be reduced, because (1) Defendants took reasonable steps to prevent and correct the conduct alleged in the SAC; (2) Plaintiffs, and members of the purported class unreasonably failed to use the preventive and corrective measures that Defendants provided; and (3) reasonable use of Defendants' procedures would have prevented at least some of the harm that Plaintiffs, and members of the purported class allegedly suffered.

**EIGHTEENTH DEFENSE**
**(Failure to Perform)**

18. If Plaintiffs' allegations state a cause of action, then Defendants' failure to perform their obligations, if any, is the result of Plaintiffs' failure to perform their obligations as required, and performance on the part of Plaintiffs is a condition precedent which Plaintiffs failed to fulfill, thus excusing the performance of Defendants' obligations, if any.

**NINETEENTH DEFENSE**
**(Not the Employer)**

19. The claims set forth in the SAC are barred against erroneously named Defendant P.F. Chang's III, LLC, who is not, and has never been, the employer of Plaintiffs or any putative member of the purported class defined in the SAC.

Morgan, Lewis & Bockius LLP
Attorneys at Law
San Francisco

12

ANSWER TO SECOND AMENDED
COMPLAINT FOR DAMAGES
CASE NO. 11-CV-05405-YGR

## TWENTIETH DEFENSE
### (Justification/Privilege)

20. Defendants allege that some or all of Defendants' conduct was justified or privileged, thus barring any recovery against Defendants.

## TWENTY-FIRST DEFENSE
### (Legitimate Business Decisions)

21. The alleged conduct about which Plaintiffs complain, if any, is the result of protected, legitimate, employer action and legitimate business decisions made for the anticipated benefit of Defendants' operations. Accordingly, Defendants cannot be liable for Plaintiffs' damages, if any.

## TWENTY-SECOND DEFENSE
### (After-Acquired Evidence)

22. To the extent during the course of this litigation Defendants acquire any evidence of wrongdoing by Plaintiffs, or any putative member of the purported class, which wrongdoing would have materially affected the terms and conditions of their employment or would have resulted in them being demoted, disciplined, or terminated, such after acquired evidence shall bar liability or damages or shall reduce their claims as provided by law.

## TWENTY-THIRD DEFENSE
### (Lack of Standing)

23. The SAC, and each cause of action alleged therein, is barred because the named Plaintiffs lack standing to bring such claims or seek such relief against Defendants either in an individual, class or representative capacity.

## TWENTY-FOURTH DEFENSE
### (Constitutional Right to Equal Protection)

24. An award of penalties against Defendants would be an unconstitutional denial of Defendants' rights to equal protection under both the United States and California Constitutions.

### TWENTY-FIFTH DEFENSE
(Action Unconstitutional)

25. The SAC, including specifically the class action allegations set forth therein, is barred because the certification of a class, based upon the facts and circumstances of this case, would constitute a denial of Defendants' right to due process under the Fourteenth Amendment to the United States Constitution and also under the California Constitution.

### TWENTY-SIXTH DEFENSE
(Due Process/Excessive Fine)

26. Although Defendants deny that they have committed or have responsibility for any act that could support the recovery of civil penalties in this lawsuit, if and to the extent any such act or responsibility is found, recovery of civil penalties against Defendants is unconstitutional under numerous provisions of the United States Constitution and the California Constitution, including the excessive fines clause of the Eighth Amendment, the due process clauses of the Fifth Amendment and Section 1 of the Fourteenth Amendment, the self-incrimination clause of the Fifth Amendment, and other provisions of the United States Constitution, and the excessive fines clause of Section 17 of Article 1, the due process clause of Section 7 of Article I, the self-incrimination clause of Section 15 of Article 1, and other provisions of the California Constitution.

### TWENTY-SEVENTH DEFENSE
(Adequate Remedy at Law)

27. Plaintiffs' cause of action and those of the putative members of the purported class defined in the SAC brought pursuant to California Business and Professions Code Section 17200 is barred in light of the fact that Plaintiffs and the purported class have an adequate remedy at law.

Morgan, Lewis & Bockius LLP
Attorneys at Law
San Francisco

14

ANSWER TO SECOND AMENDED
COMPLAINT FOR DAMAGES
CASE NO. 11-CV-05405-YGR

**TWENTY-EIGHTH DEFENSE**
**(Setoff and Recoupment)**

28. To the extent Plaintiffs or any putative members of the purported class defined in the SAC have sustained any damages, although such is not admitted hereby or herein and is specifically denied, Defendants are entitled under the equitable doctrine of setoff and recoupment to offset all obligations of the Plaintiffs or putative class members owed to Defendants against any judgment that may be entered against Defendants.

**TWENTY-NINTH DEFENSE**
**(No Waiting Time Penalties)**

29. The SAC, including specifically Plaintiffs' request for waiting time penalties pursuant to California Labor Code Section 203, is barred as against Defendants to the extent there are members of the purported class who neither resigned nor were discharged before the filing of this action.

**THIRTIETH DEFENSE**
**(Conduct Reasonable and In Good Faith/Not Willful)**

30. If Defendants are found to have failed to pay Plaintiffs and any putative member of the purported class defined in the SAC, any amount due, or failed to comply with applicable California laws relating to meal and rest breaks or accurate wage statements, which allegations Defendants deny, Defendants acted at all time on the basis of a good faith and reasonable belief that it had complied fully with California's wage and hour laws. Consequently, Defendants' conduct was not willful, knowing or intentional within the meaning of the California Labor Code.

**THIRTY-FIRST DEFENSE**
**(Irreparable Harm)**

31. Plaintiffs' claims for injunctive, declaratory, or other equitable relief, and the claims of the putative class members of the purported class as defined in the SAC, are barred in light of the fact that Plaintiffs and the putative class members have not suffered and will not suffer irreparable harm due to any alleged conduct of Defendants.

Morgan, Lewis & Bockius LLP
Attorneys At Law
San Francisco

15

ANSWER TO SECOND AMENDED
COMPLAINT FOR DAMAGES
CASE NO. 11-CV-05405-YGR

**THIRTY-SECOND DEFENSE**
**(Failure to Exhaust Internal and Administrative Remedies)**

32. Plaintiffs' statutory claims, and the claims of each putative member of the purported class defined in the SAC, are barred to the extent they failed to exhaust their internal and/or administrative remedies.

**THIRTY-THIRD DEFENSE**
**(No Ascertainable Class/Representative Action)**

33. The purported class and representative action that the named Plaintiffs purports to represent, the existence of which is expressly denied, is not ascertainable and, thus, no well-defined community of interest exists among the purported class members.

**THIRTY-FOURTH DEFENSE**
**(Consent)**

34. The SAC, and each purported cause of action contained therein, are barred to the extent Plaintiffs, or members of the purported class and/or representative action defined in the SAC, consented to any alleged activity or conduct.

**THIRTY-FIFTH DEFENSE**
**(Attorneys' Fees and Costs Unwarranted)**

35. The SAC fails to state facts sufficient to support an award of attorneys' fees or costs.

**RESERVATION OF RIGHTS**

Defendants reserve the right to assert such additional defenses that may appear and prove applicable during the course of this litigation.

WHEREFORE, Defendants prays for judgment that:

1. The Court deny Plaintiffs' request to certify this action as a class action and preclude Plaintiffs from proceeding with this action on a class basis;

2. Plaintiffs take nothing by reason of the SAC on file herein, and that the SAC be dismissed with prejudice;

Morgan, Lewis & Bockius LLP
Attorneys at Law
San Francisco

16

ANSWER TO SECOND AMENDED
COMPLAINT FOR DAMAGES
CASE NO. 11-CV-05405-YGR

3. Judgment be entered in favor of Defendants and against Plaintiffs on all causes of action;

4. Defendants be awarded their costs of suit incurred herein;

5. Defendants be awarded their attorneys' fees incurred by this action pursuant to California Labor Code section 218.5 and/or any other applicable statutory provision; and

6. The Court award Defendants such other and further relief as it deems just and proper.

Dated: January 26, 2012                                    MORGAN, LEWIS & BOCKIUS LLP


By  */s/ Lauren S. Kim*
    Rebecca Eisen
    Lauren S. Kim
    Attorneys for Defendants
    P.F. CHANG'S CHINA BISTRO, INC.,
    and P.F. CHANG'S III, LLC

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 22892223.1

17

ANSWER TO SECOND AMENDED
COMPLAINT FOR DAMAGES
CASE NO. 11-CV-05405-YGR