REBECCA EISEN, State Bar No. 96129
LAUREN S. KIM, State Bar No. 210572
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, California 94105-1126
Telephone:  415.442.1000
Facsimile:  415.442.1001
reisen@morganlewis.com
lkim@morganlewis.com

Attorneys for Defendants
P.F. CHANG'S CHINA BISTRO, INC., and
erroneously named P.F. CHANG'S III, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZACHARY MORVANT, JEAN ANDREWS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>P.F. CHANG'S CHINA BISTRO, INC., P.F. CHANG'S III, LLC, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 11 CV 05405-YGR<br><br>**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION TO COMPEL PLAINTIFFS' ZACHARY MORVANT AND JEAN ANDREWS' INDIVIDUAL CLAIMS TO ARBITRATION AND DISMISS THE PROCEEDINGS**<br><br>Judge: Hon. Yvonne Gonzalez Rogers<br>Date:  February 28, 2012<br>Time:  2:00 pm<br>Ctrm:  TBD<br><br>Action Removed:  July 19, 2011<br>Trial Date:  None Set |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case No. 11 CV 05405-YGR
DEFS.' REPLY MEM. ISO MOT. TO COMPEL INDIV. CLAIMS TO ARBITRATION ,ETC.

# TABLE OF CONTENTS

Page

I. ARGUMENT .................................................................................................................. 2

    A. P.F. Chang's Arbitration Agreement Is Not Procedurally Unconscionable ........... 2

        1. Plaintiff Jean Andrews Does Not Challenge The Fact That She Signed An Express Contract to Arbitrate Her Claims, And Thus Her Claims Should Be Compelled to Arbitration ...................................... 2

        2. Plaintiff Zachary Morvant's Individual Claims Should Be Compelled to Arbitration ......................................................................... 3

        3. Plaintiffs Cannot and Do Not Refute the Plethora of Northern District Authority Holding That An Employee's Continued Employment Binds Him To An Arbitration Agreement ............................ 4

    B. P.F Chang's Arbitration Agreement Is Not Substantively Unconscionable ........... 6

        1. A California State Court Has Already Found P.F. Chang's Arbitration Agreement To Be Substantively Valid and Enforceable .......... 6

        2. Plaintiffs' Entire Section "The DRP Is Substantively Unconscionable" Should Be Disregarded For Erroneously Relying on Overruled and Outdated California State Cases Discover Bank and Gentry Cases and on the Invalid and Unenforceable D.R. Horton NLRB Order ............................................................................... 7

            a. Concepcion Overruled the Discover Bank and Gentry Cases ........ 7

            b. The NLRB Order "D.R. Horton" Is Invalid, Unenforceable and Not Entitled To Any Deference By This Court ...................... 9

        3. Plaintiffs Ignore Direct Northern District Authority Enforcing Arbitration Agreements Containing PAGA Waivers ............................. 10

    C. Defendants Have Not Waived Their Right To Compel Arbitration ..................... 12

II. CONCLUSION ............................................................................................................ 14

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

i          Case No. 11 CV 05405-YGR

DEFS.' REPLY MEM. ISO MOT. TO COMPEL INDIV. CLAIMS TO ARBITRATION ,ETC.

# TABLE OF AUTHORITIES

Page(s)

**CASES**

Arellano v. HTC America,
   2011 WL 1842712 (N.D. Cal. May 16, 2011) (Alsup, J.) ............................................................ 7

AT&T Mobility LLC v. Concepcion,
   131 S. Ct. 1740 (Apr. 27, 2011) ("Concepcion") ................................................ 1, 2, 6, 7, 8, 12

Bayer v. Neiman Marcus Holdings, Inc.,
   2011 U.S. Dist. LEXIS 129277 (N.D. Cal. Nov. 8, 2011) ..................................................... 5, 6

Bryant v. Serv. Corp. Int'l,
   2011 U.S. Dist. LEXIS 102236 (N.D. Cal. Sept. 12, 2011) ...................................................... 8

Chase v. Blue Cross of Cal.,
   42 Cal. App. 4th 1142 (1997) .................................................................................................. 12

Christensen v. Dewor Developments,
   33 Cal. 3d 778 (1983) ............................................................................................................. 12

D.R. Horton, Inc.,
   357 NLRB No. 184 (Jan. 3, 2012) ("D.R. Horton") ................................................... 2, 7, 9, 10

De Simas v. Big Lots Stores, Inc.,
   2007 WL 686638 (N.D. Cal. 2007) ......................................................................................... 11

Discover Bank v. Superior Court,
   36 Cal. 4th 148 (2005) ...................................................................................................... 2, 7, 9

Doubt v. NCR Corp.,
   2010 WL 3619854 (N.D. Cal. Sept. 13, 2010) (Armstrong, J.) ................................................ 5

Dubee v. P.F. Chang's China Bistro, Inc.,
   C08-01247 WHA (the "Dubee action") ............................................................................ 12, 13

Ellico v. P.F. Chang's China Bistro, Inc.,
   RCVRS 100761 ..................................................................................................................... 1, 6

Gentry v. Superior Court,
   42 Cal. 4th 443 (2007) ................................................................................................... 2, 7, 8, 9

Grabowski v. C.H. Robinson,
   2011 WL 4353998 (S.D. Cal. Sept. 19, 2011) .................................................................. 10, 11

ii    Case No. 11 CV 05405-YGR
DEFS.' REPLY MEM. ISO MOT. TO COMPEL INDIV. CLAIMS TO ARBITRATION ,ETC.

Morgan, Lewis & Bockius LLP
Attorneys at Law
San Francisco

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

Hicks v. Macy's Dep't Stores, Inc.,
   2006 WL 2595941 (N.D. Cal. Sept. 11, 2006) (Breyer, J.) .................................................... 5

Int'l Assoc. of Machinists and Aerospace Workers,
   355 NLRB No. 174 (Aug. 27, 2010) ........................................................................................ 9

Irwin v. UBS Painwebber,
   324 F. Supp. 2d 1103 (C.D. Cal. 2004) .................................................................................. 13

Kruzich v. Chevron Corporation,
   2011 WL 6012959 (N.D. Cal. Dec. 1, 2011) (Chen, J.) ........................................................... 4

LaVoice v. UBS Fin. Servs., Inc.,
   Slip Op. Civ. 2308 (BSJ) (JLC) (S.D.N.Y. Jan. 13, 2012) ..................................................... 10

Lewis v. UBS Fin. Servs., Inc.,
   2011 WL 4727795 (N.D. Cal. Sept. 30, 2011) (Armstrong, J.) ............................................... 8

Mitri et al., v. Arnel Mgmt. Co.,
   157 Cal. App. 4th 1164 (2007) ................................................................................................. 6

Morse v. ServiceMaster Global Holdings, Inc.,
   2011 WL 3203919 (N.D. Cal. Jul. 27, 2011) ........................................................................... 8

Murphy v. DIRECTV,
   2011 WL 3319574 (C.D. Cal. Aug. 2, 2011) (Nguyen, J.) ....................................................... 8

Nelson v. AT & T Mobility LLC,
   No. C10-4802 TEH, 2011 WL 3651153 (N.D. Cal. Aug. 18, 2011) (Henderson, J.) ............ 11

NLRB v. P*I*E Nationwide, Inc.,
   894 F.2d 887 (7th Cir. 1990) .................................................................................................... 9

Palacios v. Boehringer Ingelheim Pharm.,
   2011 WL 6794438 (S.D. Fl. Apr. 19, 2011) ........................................................................... 10

Quevedo v. Macy's, Inc.,
   2011 WL 3135052 (C.D. Cal. June 16, 2011) (Feess, J.) .................................................. 8, 11

Sanders v. Swift Transportation Co. of Arizona, LLC,
   10-cv-3739 (N.D. Cal. Jan. 17, 2012) (Cousins, J.) ............................................................ 8, 10

Slawienski v. Nephron Phamaceutical Corp.,
   No. 10-CV-0460-JEC, 2010 WL 5186622 (N.D. Ga. Dec. 9, 2010) ..................................... 10

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

iii                                                                                                    Case No. 11 CV 05405-YGR
DEFS.' REPLY MEM. ISO MOT. TO COMPEL INDIV. CLAIMS TO ARBITRATION ,ETC.

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

Sovak v. Chugai Pharmaceutical Co.,
   280 F.3d 1266 (9th Cir. 2002) .................................................................................................. 13

Stagner v. Luxottica Retail N. Am., Inc.,
   2011 U.S. Dist. LEXIS 93733 (N.D. Cal. August 22, 2011) ..................................................... 5

Thomas v. Home Depot USA, Inc.,
   527 F. Supp. 2d 1003 (N.D. Cal. 2007) ................................................................................... 11

Valle v. Lowe's HIW, Inc.,
   No. 11-1489-SC, 2011 WL 3667441 (N.D. Cal. Aug. 22, 2011) (Conti, J.) ................. 8, 10, 11

**STATUTES**

29 U.S.C. § 153(b) ........................................................................................................................... 9

Cal. Civ. Proc. Code § 340 ............................................................................................................ 11

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

iv                              Case No. 11 CV 05405-YGR
DEFS.' REPLY MEM. ISO MOT. TO COMPEL INDIV. CLAIMS TO ARBITRATION ,ETC.

Although each submitted a declaration in support of the Opposition to Defendants' Motion to Compel Arbitration ("Opposition" or "Opp."), neither Plaintiff Zachary Morvant nor Plaintiff Jean Andrews ("Plaintiffs") aver that they did not receive P.F. Chang China Bistro, Inc. ("P.F. Chang's") Dispute Resolution Policy ("DRP" or "Policy"), that they did not sign the Policy acknowledgement, or that their signatures were obtained in a procedurally unconscionable manner.[1] In fact, both Plaintiffs did receive and sign arbitration agreements, and Plaintiffs' individual claims should be compelled to arbitration accordingly. Plaintiffs do not dispute the authenticity of Ms. Andrews' signed acknowledgement agreeing to arbitrate all claims. And although Defendants have been unable thus far to locate Mr. Morvant's signed arbitration acknowledgement (which he in fact signed), several cases in the Northern District (which Plaintiffs have failed to distinguish) have held that his continued employment after receiving notice of the Policy would bind him to the Policy.

In addition, the Policy itself is valid and enforceable and not substantively unconscionable. On April 9, 2007, even ***before*** the issuance of the landmark <u>AT&T Mobility LLC v. Concepcion</u>, 131 S. Ct. 1740, 1745 (Apr. 27, 2011) ("<u>Concepcion</u>") decision proclaiming the enforceability of class action waivers, a California state court in <u>Ellico v. P.F. Chang's China Bistro, Inc.</u>, RCVRS 100761 analyzed and determined that P.F. Chang's arbitration agreement was substantively valid and enforceable on its terms, granting P.F. Chang's Motion to Compel Arbitration in its entirety. <u>See</u> Supplemental Declaration of Lauren S. Kim in support of Defendants' Reply Brief In Support of Their Motion to Compel Plaintiffs Zachary Morvant and Jean Andrews' Individual Claims to Arbitration and Dismiss the Proceedings ("Kim Decl. II"), Exh. A (Ellico Order). Now, after <u>Concepcion</u> and the Northern District cases interpreting

---

[1] P.F. Chang's vigorously disputes Plaintiffs' baseless allegations that P.F. Chang's meal and rest break policies violate California law. In fact, P.F. Chang's is in compliance with California meal and rest break laws and regulations and has appropriate policies in place. P.F. Chang's has defended against at least four meal and rest break class actions in California within the last four years. To date, plaintiff's counsel in all of those cases voluntarily dismissed their cases (usually very early on) with no class settlement. To date, no judge has ordered P.F. Chang's to produce class discovery and all plaintiffs in every case have opted not to file a class certification motion against P.F. Chang's.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1                    Case No. 11 CV 05405-YGR
DEFS.' REPLY MEM. ISO MOT. TO COMPEL INDIV. CLAIMS TO ARBITRATION ,ETC.

Concepcion, the case for enforcement of the Policy is even more compelling. Plaintiffs' entire argument regarding why the Policy is substantively unconscionable should be disregarded since Plaintiffs rest their arguments on two cases the Northern District has held to be overruled by Concepcion (the Discover Bank and Gentry cases), and upon the NLRB's "D.R. Horton" Order which is invalid, unenforceable and not entitled to any deference in this Court. Plaintiffs are also wrong that the inclusion of a PAGA waiver in the Policy renders the agreement unconscionable. First, this argument is entirely moot because Plaintiffs do not have and have not asserted a PAGA claim (and are time-barred from ever bringing one). Second, Plaintiffs ignore Northern District authority enforcing arbitration agreements containing PAGA waivers.

Finally, Defendants have not waived their right to compel arbitration. The unique circumstances of this case (including Plaintiffs' initial forum-shopping) required Defendants to move this action to the correct jurisdiction in which to file their Motion to Compel Arbitration. Plaintiffs have failed to meet their "heavy burden" of proving waiver, as Defendants have consistently communicated their intent to compel Plaintiffs' claims to arbitration from the beginning, have not engaged in discovery and have filed this motion promptly after this matter reached its final destination in this Court, prior to the scheduling of an initial Case Management conference.

For all the foregoing reasons, Defendants' Motion to Compel Plaintiffs' individual claims to arbitration should be granted.

I. **ARGUMENT**

    A. **P.F. Chang's Arbitration Agreement Is Not Procedurally Unconscionable**

        1. **Plaintiff Jean Andrews Does Not Challenge The Fact That She Signed An Express Contract to Arbitrate Her Claims, And Thus Her Claims Should Be Compelled to Arbitration**

Plaintiff Jean Andrews does not dispute the fact that she signed an express agreement to arbitrate her claims which stated:

> I acknowledge that I have received this Policy which goes into effect immediately upon my signature below but in no event later than September 15, 2006. I have received a copy of the policy for my own personal reference.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2     Case No. 11 CV 05405-YGR
DEFS.' REPLY MEM. ISO MOT. TO COMPEL INDIV. CLAIMS TO ARBITRATION ,ETC.

See Declaration of Claudette Gelb in Support of Defendants' Motion to Compel Arbitration ("Gelb Decl. I"), at Exh. C. In her declaration, Ms. Andrews does not deny the fact that she received the Policy and signed the acknowledgement above. See Declaration of Jean Andrews In Support of Plaintiffs' Opposition to Defendants' Motion to Compel. Nor does her declaration allege any facts whatsoever that would suggest that her signature on the acknowledgment was obtained in a procedurally unconscionable manner. Id. In fact, Plaintiffs appear to concede that Jean Andrews' individual claims should be compelled to arbitration by choosing only to directly challenge Defendants' efforts to compel Plaintiff Zachary Morvant's claims to arbitration. See Opp., at 3-4 (stating only that "Defendants Cannot Compel Mr. Morvant to Arbitration"). As such, Jean Andrews' individual claims should be compelled to arbitration.

2. **Plaintiff Zachary Morvant's Individual Claims Should Be Compelled to Arbitration**

Plaintiff Zachary Morvant's individual claims should also be compelled to arbitration because he signed the same express acknowledgement that Ms. Andrews signed above. See Declaration of Michael Revak in support of Defendants' Reply Brief ("Revak Decl."), ¶ 3. Although Defendants have, as yet, been unable to locate a physical copy of Mr. Morvant's signed acknowledgement, the sworn testimony of his supervisor confirms it was signed. Id. Tellingly, Mr. Morvant's own declaration does **not** state that he never received the Policy, or that he never signed the accompanying acknowledgement. See Declaration of Zachary Morvant In Support of Plaintiffs' Opposition to Defendants' Motion to Compel. Mr. Michael Revak, Operating Partner (highest ranking manager) of P.F. Chang's in Emeryville at the time P.F. Chang's Dispute Resolution Policy was implemented, has submitted a sworn declaration stating that he handed a physical hard copy of P.F. Chang's Dispute Resolution Policy packet ("DRP packet") to every single employee in the Emeryville restaurant, including Zachary Morvant (whom he supervised) and received signed acknowledgements back from every person. See Revak Decl., ¶ 3. Mr. Revak informed each person he met with that they should review the DRP packet because this policy now applied to them, and then to sign the acknowledgement and return it back to him. Id. He told the employees to take their time to review the policy and made himself available if they

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3   Case No. 11 CV 05405-YGR
DEFS.' REPLY MEM. ISO MOT. TO COMPEL INDIV. CLAIMS TO ARBITRATION ,ETC.

had any questions. Id. In addition to handing out hard copies of the DRP packet to each employee, Mr. Revak also posted a hard copy of the DRP packet in the employee break room for everyone to see. Id. at 4. Mr. Revak was methodical in collecting signed acknowledgements for the DRP packets – he printed a list of every employee in the Emeryville restaurant off of the payroll system and then checked off each employee as he received their signed acknowledgement. Id. **Every** employee from the Emeryville restaurant signed and turned in the acknowledgement form, including Zachary Morvant. Id. Mr. Revak attests that had any employee refused to sign the acknowledgement form, which none did, he would have immediately called Claudette Gelb in Human Resources to let her know.[2] Id. However, Mr. Revak declares that not a single employee in the Emeryville location refused or failed to sign the acknowledgement form. Id.

Mr. Revak states that the signed acknowledgments were generally kept at the restaurant in each employee's individual files; however, files and documents were often moved around or sent to off-site storage to make room for more recent documents. Revak Decl., at ¶ 5. As a former P.F. Chang's employee, Mr. Revak is not certain where Mr. Morvant's signed acknowledgement is currently located, but attests under penalty of perjury that he knows Mr. Morvant signed it. Id. Significantly, nothing in Mr. Morvant's declaration in support of Plaintiffs' Opposition states anything to the contrary.

### 3. **Plaintiffs Cannot and Do Not Refute the Plethora of Northern District Authority Holding That An Employee's Continued Employment Binds Him To An Arbitration Agreement**

In addition to Mr. Morvant signing an express agreement to arbitrate, the Northern District Court's recent decisions also make clear that Mr. Morvant was bound to the Policy by his continued employment after receiving notice of the Policy. See Kruzich v. Chevron Corporation, 2011 WL 6012959, at *3-4 (N.D. Cal. Dec. 1, 2011) (Chen, J.) (granting employer's petition to

---

[2] Ms. Gelb also submits a Supplemental Declaration ("Gelb Decl. II") which states: "Since P.F. Chang's Dispute Resolution Policy ("Policy") was first distributed to all California employees and implemented in approximately August and September 2006, I am unaware of a single employee who has refused to sign the acknowledgement form accompanying the Policy." Gelb Decl. II, at ¶ 2.

compel arbitration stating that "[a] party's acceptance of an agreement to arbitrate may be express or implied in fact where 'the employee's continued employment constitutes her acceptance of an agreement proposed by her employer'"); Doubt v. NCR Corp., 2010 WL 3619854, at *4 (N.D. Cal. Sept. 13, 2010) (Armstrong, J.) (holding that an arbitration agreement existed where the employer gave the employee notice of the new company arbitration policy and where the employee subsequently continued his employment); Hicks v. Macy's Dep't Stores, Inc., 2006 WL 2595941, at *3 (N.D. Cal. Sept. 11, 2006) (Breyer, J.) (granting employer's motion to compel arbitration despite the lack of a signature on the arbitration agreement because "it is well-established that a party may be bound to an agreement to arbitrate even absent a signature").

In addition to collecting signed acknowledgements from employees as an additional measure of protection, at all times P.F. Chang's made it clear that the policy applied to *all* California employees by virtue of their continued employment with P.F. Chang's. The notice accompanying the policy clearly puts the employee on notice that the arbitration policy would automatically apply to him or her so long as she continues to work at P.F. Chang's. It states that the policy "goes into effect on September 15, 2006," "**this policy applies to you**," and stated that it "will provide **all** employees a quick and efficient avenue to bring forward any employment-related disputes that may arise between you and the Company." See Gelb Decl. I, at ¶ 4, Exh. A (emphasis added).

The Northern District cases cited by Plaintiffs in support of their argument that a signature is needed to enforce an arbitration agreement are factually inapposite. Opp., at 3. In Stagner v. Luxottica Retail N. Am., Inc., 2011 U.S. Dist. LEXIS 93733 (N.D. Cal. August 22, 2011), the Plaintiff submitted a sworn declaration stating that she "did not sign nor agree to sign any agreement consenting to arbitration." Stagner, 2011 U.S. Dist. LEXIS at *13. Here, to the contrary, Plaintiff Morvant notably does **not** deny signing the written arbitration acknowledgement in his declaration, and in fact it appears that he did. See Revak Decl., at ¶¶ 4-5. The other Northern District case cited by Plaintiffs, Bayer v. Neiman Marcus Holdings, Inc., 2011 U.S. Dist. LEXIS 129277 (N.D. Cal. Nov. 8, 2011), is also distinguishable on the facts. Opp., at 3. In Bayer, "Plaintiff expressly *refused* to become a party to the arbitration agreement;

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5        Case No. 11 CV 05405-YGR
DEFS.' REPLY MEM. ISO MOT. TO COMPEL INDIV. CLAIMS TO ARBITRATION ,ETC.

*refused* to sign the arbitration agreement form; and repeatedly told Neiman both orally and in writing that he would *not* agree or consent to Neiman's arbitration program." Bayer, 2011 U.S. Dist. LEXIS at *8. No such facts exist here and thus cases cited in Plaintiffs' Opposition to support Plaintiffs' argument that a signed arbitration agreement is required should be disregarded.[3]

### B. P.F Chang's Arbitration Agreement Is Not Substantively Unconscionable

#### 1. A California State Court Has Already Found P.F. Chang's Arbitration Agreement To Be Substantively Valid and Enforceable

P.F. Chang's arbitration agreement is not substantively unconscionable. The agreement provides for a neutral arbitrator by providing that the parties mutually agree on a neutral arbitrator under the National Rules for the Resolution of Employment Disputes of the American Arbitration Association; provides for adequate discovery as incorporated by the Federal Rules of Civil Procedure; expressly provides for a decision or award in writing, stating the essential findings of fact and conclusions of law, and does not limit statutory remedies in any way. Gelb Decl. I, Exh. A. In fact, on April 9, 2007, even *before* the issuance of the *Concepcion* decision, a California state court in Ellico v. P.F. Chang's China Bistro, Inc., RCVRS 100761 had analyzed and determined that P.F. Chang's arbitration agreement (same one at issue in this case) was entirely valid in substance and enforceable on its terms, granting P.F. Chang's Motion to Compel Arbitration in its entirety. See Kim Decl. II, Exh. A. Now, in the aftermath of the landmark *Concepcion* decision, coupled with the recent issuance of several Northern District cases supporting the enforceability of arbitration agreements *as they were written* in the employment context, the reasons are even more compelling now to enforce P.F. Chang's Policy in accordance

---

[3] Plaintiffs also cite a state court case, Mitri et al., v. Arnel Mgmt. Co., 157 Cal. App. 4th 1164, 1168-71 (2007), to support their arguments that continued employment is not enough to bind an employee to his arbitration policy and that a signature is needed. Opp., at 3-4. The Mitri case is also inapplicable. In Mitri, the employees signed an acknowledgement of the company's general employee handbook (which expressly stated therein that "all employees are required to sign an arbitration agreement"), but the employees did not receive or sign a separate arbitration agreement. Here, in contrast, the Notice accompanying P.F. Chang's Dispute Resolution Policy expressly stated to employees that this policy automatically applied to them starting September 15, 2006. See Gelb Decl. I, at ¶ 4, Exh. A.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6     Case No. 11 CV 05405-YGR
DEFS.' REPLY MEM. ISO MOT. TO COMPEL INDIV. CLAIMS TO ARBITRATION ,ETC.

with its terms. See Section 2(a).

2. **Plaintiffs' Entire Section "The DRP Is Substantively Unconscionable" Should Be Disregarded For Erroneously Relying on Overruled and Outdated California State Cases *Discover Bank* and *Gentry* Cases and on the Invalid and Unenforceable *D.R. Horton* NLRB Order**

a. *Concepcion* Overruled the *Discover Bank* and *Gentry* Cases

Ignoring the plethora of recent Northern District cases cited in Defendants' Motion which have applied the landmark *Concepcion* case to grant employers' motions to compel arbitration agreements containing class action waivers in the employment context, Plaintiffs' entire argument in support of why P.F. Chang's DRP is substantively unconscionable rests upon two pre-*Concepcion* state cases that were specifically found by the Northern District Court to be overruled by *Concepcion*: (1) Discover Bank v. Superior Court, 36 Cal. 4th 148 (2005) which held that a party could not compel arbitration of individual claims when arbitration agreements contained class action waivers, and (2) Gentry v. Superior Court, 42 Cal. 4th 443 (2007), in which the California Supreme Court followed *Discover Bank* to hold that in some circumstances class action waivers in employment arbitration agreements (as opposed to consumer arbitration agreements) are not enforceable. Opp., at 8-11.

In *Concepcion*, the U.S. Supreme Court expressly overruled *Discover Bank*, holding that the Federal Arbitration Act preempted *Discover Bank*'s limits on class action waivers because they impermissibly forced parties to participate in class arbitration, or else give up the right to enforce their arbitration agreement altogether. *Concepcion*, 131 S. Ct. at 1750. The Northern District has agreed *Discover Bank* is no longer good law. Arellano v. HTC America, 2011 WL 1842712, at *2 (N.D. Cal. May 16, 2011) (Alsup, J.) (granting Defendants' motion to compel arbitration because *Discover Bank* has been preempted by the FAA and "[a]ccordingly, despite public policy arguments thought to be persuasive in California, *Concepcion* has trumped these considerations, at least for cases in federal court").

Similarly, all of Plaintiffs' arguments relying on *Gentry* (Opp. at 8-11) should also be disregarded because, while Plaintiffs attempt to rely on state law or the law of other jurisdictions, the Northern District has held that *Gentry* is no longer good law in light of *Concepcion*. See

Sanders v. Swift Transportation Co. of Arizona, LLC, 10-cv-3739 (N.D. Cal. Jan. 17, 2012) (Dkt. No. 72) (Cousins, J.) (granting employer's motion to compel arbitration and stating "Gentry was overruled by the Supreme Court in Concepcion"); Lewis v. UBS Fin. Servs., Inc., 2011 WL 4727795, *4-5 (N.D. Cal. Sept. 30, 2011) (Armstrong, J.) (granting employer's motion to compel arbitration and dismissing a putative class action filed under the California Labor Code and California's Unfair Competition Law because the class action waivers contained in the arbitration clauses were enforceable under Concepcion which overruled Gentry); Valle v. Lowe's HIW, Inc., No. 11-1489-SC, 2011 WL 3667441, at *6 (N.D. Cal. Aug. 22, 2011) (Conti, J.) (granting employer's motion to compel arbitration holding that "the Court concludes that in light of Concepcion, Gentry is no longer good law"); Quevedo v. Macy's, Inc., 2011 WL 3135052, *4-6, 15 (C.D. Cal. June 16, 2011) (Feess, J.) (granting employers' motion to compel arbitration because in light of Concepcion, Gentry no longer barred enforcement of class action waivers in arbitration agreements); see also Murphy v. DIRECTV, 2011 WL 3319574, *4 (C.D. Cal. Aug. 2, 2011) (Nguyen, J.) (granting Defendants' motion to compel arbitration because "it is clear to the Court that Concepcion overrules Gentry").

While Plaintiffs cite Bryant v. Serv. Corp. Int'l, 2011 U.S. Dist. LEXIS 102236 (N.D. Cal. Sept. 12, 2011) as a Northern District case that they allege still "considers" Gentry when analyzing arbitration agreements in the employment context, in the Bryant case, Judge Susan Illston merely makes a passing historical reference to Gentry in discussing the state of the law before Concepcion. Opp., at 9 n.10; Bryant, 2011 U.S. Dist. LEXIS, at *8. Judge Illston made her views regarding Gentry clear in an earlier case in Morse v. ServiceMaster Global Holdings, Inc., 2011 WL 3203919, at *3 n.1 (N.D. Cal. Jul. 27, 2011) where she granted employer's motions to compel arbitration because Concepcion rejected the reasoning and precedent behind Gentry. Thus, Gentry has no remaining applicability to the class action waivers in Plaintiffs' arbitration agreements, and federal law mandates enforcement of such arbitration agreements in the employment context.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8                                    Case No. 11 CV 05405-YGR
DEFS.' REPLY MEM. ISO MOT. TO COMPEL INDIV. CLAIMS TO ARBITRATION ,ETC.

### b. The NLRB Order "*D.R. Horton*" Is Invalid, Unenforceable and Not Entitled To Any Deference By This Court

Perhaps realizing that <u>Discover Bank</u> and <u>Gentry</u> are no longer good law in the Northern District, Plaintiffs have attempted to argue that an order from the National Labor Relations Board ("NLRB") called <u>D.R. Horton, Inc.</u>, 357 NLRB No. 184 (Jan. 3, 2012) ("D.R. Horton"), should somehow apply to this Court. D.R. Horton was a single decision issued by two members of a five- person NLRB, and thus is invalid, unenforceable and not binding in federal court or entitled to any deference by a court on several grounds:

- <u>D.R. Horton</u> contradicts the U.S. Supreme Court and numerous Circuits' decisions holding class action waivers enforceable, and was issued amidst political maneuvering by the White House and the NLRB. This federal court is bound by the decisions of the Supreme Court, Ninth Circuit and Northern District cases holding that class action waivers are enforceable under the FAA and owes no deference to the contradictory <u>D.R. Horton</u>.

- In rendering this decision, the two participating NLRB members ignored both the published guidelines of the NLRB's former General Counsel and the position of its current Acting General Counsel – who actually litigated <u>D.R. Horton</u> on behalf of the employees – both of whom conceded that agreements to arbitrate non-NLRA claims on an individual basis do not violate the NLRA. With only two members participating (instead of the required forum of three), the NLRB lacked legal authority to render a decision and thus <u>D.R. Horton</u> is void. <u>See</u> 29 U.S.C. § 153(b) ("[T]hree members of the Board shall, at all times, constitute a quorum of the Board.").

- Even if <u>D.R. Horton</u> had been properly issued, it would still not have any bearing on cases because NLRB decisions are not self-enforcing. It is being appealed to the Court of Appeals and is not even binding on <u>D.R. Horton</u> at this point. <u>NLRB v. P*I*E Nationwide, Inc.</u>, 894 F.2d 887, 893 (7th Cir. 1990) ("The Board . . . still must go to a court of appeals and ask that court to issue an order enforcing the Board's order.").

- In addition, <u>D.R. Horton</u> does not have retroactive effect and would not apply to arbitration contracts entered into before it was issued, like the agreements at issue here. <u>See</u> <u>Int'l</u>

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9   Case No. 11 CV 05405-YGR
DEFS.' REPLY MEM. ISO MOT. TO COMPEL INDIV. CLAIMS TO ARBITRATION ,ETC.

Assoc. of Machinists and Aerospace Workers, 355 NLRB No. 174 (Aug. 27, 2010).

In addition, prior to D.R. Horton, every court that had decided the issue had ruled that the NLRA is not a bar to the enforcement of agreements to arbitrate non-NLRA claims on an individual basis. See, e.g., Grabowski v. C.H. Robinson, 2011 WL 4353998, at *7-8 (S.D. Cal. Sept. 19, 2011); Valle, 2011 WL 3667441, at *5; Palacios v. Boehringer Ingelheim Pharm., 2011 WL 6794438, at *3 (S.D. Fl. Apr. 19, 2011); Slawienski v. Nephron Phamaceutical Corp., No. 10-CV-0460-JEC, 2010 WL 5186622, at *2 (N.D. Ga. Dec. 9, 2010).

After D.R. Horton, the very first post-D.R. Horton decision addressing whether an arbitration agreement with a class waiver can be enforced notwithstanding the NLRA, Judge Jones of the S.D.N.Y. compelled arbitration on an individual basis and *rejected* D.R. Horton as a basis on which to deny enforcement of an arbitration agreement with a class waiver. See LaVoice v. UBS Fin. Servs., Inc., Slip Op. at 16, 11 Civ. 2308 (BSJ) (JLC) (S.D.N.Y. Jan. 13, 2012). Most significantly, the Northern District court recently agreed, granting the employer's motion to compel arbitration with a class waiver and rejecting the plaintiff's argument that the decision in D.R. Horton precluded enforcement. See Sanders v. Swift Transportation Co. of Arizona, LLC, 10-cv-3739 (N.D. Cal. Jan. 17, 2012) (Dkt. No. 72) (Cousins, J.). Thus, this Court should disregard Plaintiffs' reliance on the invalid D.R. Horton decision and grant Defendants' motion to compel arbitration.

3.   **Plaintiffs Ignore Direct Northern District Authority Enforcing Arbitration Agreements Containing PAGA Waivers**

Plaintiffs, citing California state cases and again ignoring Northern District authority, erroneously argue that arbitration agreements containing waivers of the right to bring a representative action (*e.g.*, a "PAGA claim") are unconscionable and thus unenforceable. Opp., at 11-12. First, this issue is moot because Plaintiffs do not have a PAGA claim – nor could they amend their Fourth Amended Complaint to add a PAGA claim since both Plaintiffs are barred by the one-year statute of limitations for PAGA claims (Mr. Morvant's last day worked was

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10

Case No. 11 CV 05405-YGR
DEFS.' REPLY MEM. ISO MOT. TO COMPEL INDIV. CLAIMS TO ARBITRATION ,ETC.

December 2006 and Jean Andrews' employment ended April 12, 2009).[4]  Plaintiffs cannot argue that their arbitration agreements are substantively unconscionable due to a PAGA claim waiver when neither are eligible to bring a PAGA claim in the first place.[5]

Second, several jurisdictions, including the Northern District, have held that PAGA waivers do not render arbitration agreements unconscionable and that PAGA claims are subject to individual arbitration.  See, e.g., Quevedo v. Macy's, Inc., 2011 WL 3135052, *17 (C.D. Cal. June 16, 2011) (Feess, J.) (granting employer's motion to compel arbitration and holding that "requiring arbitration agreements to allow for representative PAGA claims on behalf of other employees would be inconsistent with the FAA"), *reconsideration denied*, 2011 WL 6961598 (C.D. Cal. Oct 31, 2011); Nelson v. AT & T Mobility LLC, No. C10-4802 TEH, 2011 WL 3651153, at *4 (N.D. Cal. Aug. 18, 2011) (Henderson, J.) (granting employer's motion to compel arbitration and agreeing with Quevedo, concluding that a state cannot "prohibit[] outright the arbitration of a particular type of claim") (internal citations omitted); Valle v. Lowe's HIW, Inc., No. 11-1489-SC, 2011 WL 3667441, at *6 (N.D. Cal. Aug. 22, 2011) (Conti, J.) (finding that plaintiffs' PAGA claim is a state-law claim, and states may not exempt claims from the FAA); Grabowski v. C.H. Robinson, 2011 WL 4353998, at *19 (S.D. Cal. Sept. 19, 2011) (Hayes, J.) (granting employer's motion to compel arbitration holding that allowing plaintiffs to proceed with representative claims under PAGA when they have executed arbitration agreements with class action waivers would be inconsistent with the FAA and are thus preempted).  Thus, in addition to being a moot issue here, a PAGA waiver does not render P.F. Chang's DRP substantively unconscionable.

---

[4] An action to recover penalties under PAGA is "an action upon a statute for a penalty," and is therefore subject to a one-year statute of limitations.  Code of Civil Procedure §340; Thomas v. Home Depot USA, Inc., 527 F. Supp. 2d 1003, 1008 (N.D. Cal. 2007).  Even if Plaintiffs had initially included a PAGA claim in their original complaint filed December 14, 2010, it would still have been time-barred.

[5]     See also Home Depot, 527 F. Supp. 2d at 1008-09 (dismissing Plaintiff's time-barred PAGA claims); De Simas v. Big Lots Stores, Inc., 2007 WL 686638, at *4 (N.D. Cal. 2007) (holding that Plaintiff could not proceed with a PAGA claim in a representative capacity where Plaintiff's individual claim was barred by the statute of limitations).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11                      Case No. 11 CV 05405-YGR
DEFS.' REPLY MEM. ISO MOT. TO COMPEL INDIV. CLAIMS TO ARBITRATION ,ETC.

C. **Defendants Have Not Waived Their Right To Compel Arbitration**

Contrary to Plaintiffs' arguments, Defendants have not waived their right to compel arbitration on several grounds:

- When raising the defense of waiver of the right to arbitrate, "the burden of proof is 'heavy' and rests on the party seeking to establish waiver . . . ." Chase v. Blue Cross of Cal., 42 Cal. App. 4th 1142, 1151 (1997) (citing Christensen v. Dewor Developments, 33 Cal. 3d 778, 782 (1983)). The court should "indulge every intendment to give effect to" an arbitration agreement. Id. In addition, "the relevant factors include whether the party seeking arbitration . . . has acted in 'bad faith' or with 'wilful misconduct.'" Id. Plaintiffs cannot meet this standard.
- Far from acting in "bad faith" or misleading Plaintiffs, Defendants have consistently informed Plaintiffs about their intention to bring a motion to compel arbitration from the inception of this action (as evidenced by Declaration of Hannah R. Salassi In Support of Plaintiffs' Opposition To Defendant's Motion to Compel Arbitration, at ¶ 3). Back in June 30, 2011, Defendants asked Plaintiffs to voluntarily dismiss their class claims and submit their individual claims to arbitration in light of Concepcion, but Plaintiffs refused to do so.
- Until Plaintiffs amended their original complaint, this action was essentially identical to an earlier Northern District putative class action called *Dubee v. P.F. Chang's China Bistro, Inc.*, C08-01247 WHA (the "*Dubee* action") which Plaintiffs' counsel had voluntarily dismissed before Judge Alsup. Plaintiffs' counsel then engaged in forum shopping by filing this identical action in another jurisdiction (Sacramento Superior Court) causing Defendants to have to remove the case and file a motion to transfer the action back to the Northern District before filing their motion to compel arbitration.
- It is Plaintiffs' counsel who acted in bad faith by initially filing this action in the wrong jurisdiction. In the interests of justice, Defendants took the necessary steps

to move this case back to the Northern District to relate this action to the <u>Dubee</u> matter. Defendants first removed this action from Sacramento Superior Court to the Eastern District of California where Judge Morrison England, Jr. was assigned to this case. The act of removing a case does not result in waiver to the right to arbitrate. In fact, removal regularly precedes a motion to compel arbitration as a matter of course in cases where the motion is then granted. See, e.g., <u>Sovak v. Chugai Pharmaceutical Co.</u>, 280 F.3d 1266, 1269 (9th Cir. 2002) (defendant "successfully removed the action to federal court"); <u>Irwin v. UBS Painwebber</u>, 324 F. Supp. 2d 1103, 1110 (C.D. Cal. 2004) ("mere filing of a lawsuit does not result in a waiver").

- On October 28, 2011, Judge England granted Defendants' Motion to Transfer this action to the Northern District in the "interests of justice" stating: "There is no question that this case and the <u>Dubee</u> action are in virtually every respect, identical." Kim Decl. II, at Exh. B (England Order). Although Judge England specifically ordered transfer of the case to Judge William H. Alsup, Judge Alsup's docket was burdened by several large scale criminal trials he was overseeing at the time. <u>Id.</u>, Exh. C. Judge Alsup declined to relate this case.

- Subsequently, the Northern District clerk's office (on its own initiative) reassigned this action to various different judges until it was finally assigned to this Court.

After this case reached its final destination with the assignment to this Court on January 18, 2012, Defendants promptly filed their Motion to Compel Arbitration five days later on January 24, 2012, prior to the scheduling of the initial Case Management Conference. At no time since the filing of this case have Defendants engaged in discovery, nor do they intend to participate in discovery until this Court has determined this Motion. The case cited by Plaintiffs in their Opposition have found waiver when a party requested arbitration close to the trial date, defendants misled plaintiff about their intention to arbitrate, or engaged in heavy litigation before invoking arbitration or making its intent to arbitrate known. Opp., at 4 n.7. None of those factors are present here and Plaintiffs fail to meet the "heavy burden" of proving waiver.

Morgan, Lewis & Bockius LLP
Attorneys at Law
San Francisco

13   Case No. 11 CV 05405-YGR
DEFS.' REPLY MEM. ISO MOT. TO COMPEL INDIV. CLAIMS TO ARBITRATION ,ETC.

## II. CONCLUSION

For all of the forgoing reasons, Defendants' Motion to Compel Plaintiffs' Individual Claims to Arbitration should be granted.

Dated: February 14, 2012

MORGAN, LEWIS & BOCKIUS LLP

By
Rebecca Eisen
Lauren S. Kim
Attorneys for Defendants
P.F. CHANG'S CHINA BISTRO, INC.,
and P.F. CHANG'S III, LLC

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 22951719.1

14                    Case No. 11 CV 05405-YGR
DEFS.' REPLY MEM. ISO MOT. TO COMPEL INDIV. CLAIMS TO ARBITRATION ,ETC.